Conspiracy for indicting the plaintiff for high treason. He declared that he was one of the good subjects of the King, and the defendants falsely and maliciously conspired to indict him for speaking treasonable words against the King; and that they falsely accused him before a justice of the peace of the said county, and obtained a warrant from the said justice to a constable to apprehend him; whereupon he was apprehended and brought before the justice, who committed him to the prison of Norwich. And by this conspiracy an indictment was preferred to the grand inquest, and anignoramus was found, whereupon he was discharged. He declared to his great damage, etc. Ward and Speat pleaded not guilty and were found guilty. Chrashaw pleaded that Speat told him the plaintiff had spoken these words, and to avoid the imputation of concealing a treason, he accused him before a justice and arrested him; absque hoc, quod falso conspir., etc., and this plea was found against him by the jury. It was said that if a man be indicted of felony falsely, conspiracy lies, after acquittal; and an action on the case in *Page 688 
nature of conspiracy, after ignoramus found. A fortiori when one is indicted for treason which is a more heinous crime. T. 3 Jac. rot. 246, where the court was for indicting a woman for witchcraft; and ignoramusfound. 6 Jac. rot., 921, in this court, in an action on the case for indicting one of rape, and ignoramus found, it was adjudged that the action lies against both. 19 Jac. rot., 1633, in this court for conspiracy for stealing feathers, on ignoramus found, the action lies. It was objected that an action on the case does not lie in cases of treason; for if the action was maintainable, it would be a terror to the subject, and he would not dare to prosecute another for treason, and if he conceal it, he is in danger of being prosecuted himself as a traitor. With regard to this, when one charges another with treason colorably, by way of doing justice, it is a tender case; but if he charge him falsely and maliciously, it is a wrong done to the King to bring the life of his subjects into danger without reason; and the King shall have an indictment against the conspirator, who shall receive the villainous judgment, and the party shall also have his
remedy. It was argued for the defendant that no judgment *ought to be given; for there is a vast difference between cases of treason and those of felony. As soon as one hears of a treason he ought to make it known to a magistrate; otherwise he becomes a traitor. Chrashaw has done no more than a subject ought to. (2) Treason concerns the King and the public, but felony concerns only a private person; therefore, in case of felony, the law permits the party to have an action, in order to remedy his injury; but it is not so in case of treason. M. 11 Jac. rot., 264; Falkner's case. There was judgment in a case of treason on nihil dicit and a writ of inquiry for the damages; but no judgment was given for the damages, because no precedent could be found, and, therefore, by the opinion of the court an action lies not, while an ignoramus is found; for he may be guilty; as the counsel for the defendant said the case was, and judgment was given quodquaerens nihil capiat per billam; for if there had been an indictment, trial, and acquittal, the action would have lain. But where an indictment is preferred and an ignoramus is found, he may still be guilty and the action on the case does not lie. As to the case of Falkner, the word falso
was there wanting, and therefore the declaration was bad; but here the words falso et malitiose are in the declaration, and the jury have found that he acted falso et malitiose, of his own head and without ground. As to the case where one was indicted of felony, and an appeal was brought and the defendant was acquitted, but could not have a writ of conspiracy: the reason is that there there was an indictment to ground the appeal upon; buthere there is no such thing; all was done falso et malitiose. In 28 Ass., it is laid down that if there be a conspiracy or confederacy, although no action be brought, still it is inquirable and *Page 689 
punishable, and in 18 Ed., 6, 12, malicious prosecuting of an indictment of felony is joined to treason.
A day was given until next term to have the resolution of the Judges; and
At the term at Reading, it was adjudged that the action is maintainable. 3 Cr., 15; Bendl., 138, 152; Jones, 93, 2; Bulst., 271; Palm., 315; Roll., 113.